# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Kenneth J. Dworek and Colleen S. Dworek<br>　　　　Debtor(s)<br>--------------------------------------------------------<br>Quicken Loans Inc.<br>　　　　Movant<br><br>v.<br><br>Ronda Winnecour, Chapter 13 Trustee<br>　　　　Respondent | Bankruptcy Case: 16-10705-TPA<br><br>Chapter: 13 |

## PRETRIAL NARRATIVE STATEMENT

**(1)** ***This is an action for***: The Chapter 13 Trustee's Objection (the "Objection") to a pair of Notices of Postpetition Fees, Expenses, and Charges (the "Notice," and the "Second Notice," respectively, and collectively, the "Notices") filed by Creditor Quicken Loans Inc. ("Creditor"), Respondent to the Objection.

**(2)** ***Jurisdiction***: This Court has jurisdiction over the Notice. However, Creditor avers that the Chapter 13 Trustee lacks standing to object to the charges listed in the Notice.

**(3)** ***Creditor's narrative statement of the case***: On May 31, 2013, Debtor, Kenneth J. Dworek, II ("Debtor"), executed and delivered a Mortgage granting Mortgage Electronic Registration Systems, Inc., solely as nominee for Quicken Loans Inc., a first priority mortgage lien against the real property situated at 60 McKinstrey Drive, Coolspring, PA 15739 (the "Property"), as security for his unconditional obligation to make, tender, and/or deliver consecutive monthly payments to the mortgagee, its successors and/or assigns. See Claim 1-2, Pages 9-23. The Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., solely as nominee for Quicken Loans Inc. to Quicken Loans Inc., by an assignment of mortgage. See Claim 1-2, Pages 24-28. Also on May 31, 2013, Debtor, Kenneth J. Dworek, II, executed and delivered an underlying Note in favor Quicken Loans Inc. See Claim 1-2, Pages 7-8.

On July 22, 2016, Debtor, along with Joint Debtor Collen S. Dworek, filed a Chapter 13 Voluntary Petition for Bankruptcy. See Doc. No. 1. On September 12, 2016, Creditor filed the Notice. The Notice itemizes expenses incurred by Creditor. Specifically, the Notice indicates that Creditor incurred Bankruptcy/Proof of Claim fees in the total amount of $550.00 on July 28, 2016, August 2, 2016, and August 17, 2016. See Doc. filed 09/12/16, at Claim 1. Creditor filed a Second Notice on April 6, 2017 indicating that Creditor had incurred Bankruptcy/Proof of claim fees in the amount of $150.00 in conjunction with the filing of an Amended Proof of Claim. See Doc. filed 04/06/17, at Claim 1- 2.

The Chapter 13 Trustee filed the Objection to the Notices averring that the Notices should be

disallowed because the fees listed in the Notice were not explained, that the filing of a proof of claim is an administrative matter, not requiring counsel, and that the fees incurred by Creditor were unreasonable flat fees. See Doc. No. 36.

Creditor then filed a response to the Objection, explaining that the $550.00 listed in the Notice is comprised of fees for the following activities by counsel: $50.00 on July 28, 2016 for counsel's entry of appearance, as well as review of the docket and filings, and for ongoing monitoring of the docket activity; $150.00 on August 2, 2016 for review of the proposed Chapter 13 Plan; and, $350.00 on August 17, 2016 for preparation and filing of the Proof of Claim on behalf of Creditor. See Doc. No. 39 at Paragraph 6.

The response to the Objection further explained that the $150.00 listed in the Second Notice was for fees for the filing of an Amended Proof of Claim, which amendment was necessitated by the fact that the payment submitted by the debtors intended for the July 1, 2016 contractual payment (pre-bankruptcy filing), which payment was received by Respondent on July 16, 2016, was subsequently reversed on July 26, 2016 (post-bankruptcy filing) due to insufficient funds. The amendment therefore was needed to reflect that the debtors were one (1) contractual payment in arrears as of the date of the bankruptcy filing, rather than current as of the date of the bankruptcy filing.

The Notices at issue were filed pursuant to 11 U.S.C. §3002.1(c), using Official Form 410S2, and intended purely to provide Notice that Creditor incurred charges in connection with the bankruptcy. The Notice does not seek to recover funds from the bankruptcy estate. The charges listed in Creditor's Notice are contemplated by the language of the Mortgage, at Paragraph 7. The Mortgage explicitly provides that the lender may pay whatever is necessary to protect its rights in the Property should the mortgagor file for bankruptcy. Further, it dictates that those expenditures are added to the principal unpaid balance of the loan.

According to Debtors' Schedule D, the value of the Property is $85,000.00. See Doc. 8 at Page 11. Respondent's secured claim as of the date of the bankruptcy filing was in the amount of $64,844.17. Respondent's secured claim is therefore oversecured. In the confirmed Plan, the secured claim is treated in a "cure and maintain" manner under 11 U.S.C. §1322(b)(5). Therefore, the Mortgage is not subject to discharge under 11 U.S.C. §1328. See Doc. No. 10 at Section 3(a).

**(4)** *Exhibits:*

| Exhibit Number | Date of Exhibit | Witness(es) | Description |
|---|---|---|---|
| A | 08/01/2016 | Steven K. Eisenberg | Copy of Stern & Eisenberg Invoice to Quicken Loans Inc. |
| B | 08/03/2016 | Steven K. Eisenberg | Copy of Stern & Eisenberg Invoice to Quicken Loans Inc. |
| C | 08/26/2016 | Steven K. Eisenberg | Copy of Stern & Eisenberg Invoice to Quicken Loans Inc. |
| D | 03/17/2017 | Steven K. Eisenberg | Copy of Stern & Eisenberg Invoice to Quicken Loans Inc. |

| | | | |
|---|---|---|---|
| C | 08/12/2016 | Steven K. Eisenberg and/or Corporate designee, Quicken Loans Inc. | Copy of check received by Stern & Eisenberg from Quicken Loans Inc. for payment of 08/01/2016 Stern & Eisenberg Invoice |
| D | 08/15/2016 | Steven K. Eisenberg and/or Corporate designee, Quicken Loans Inc. | Copy of check received by Stern & Eisenberg from Quicken Loans Inc. for payment of 08/03/2016 Stern & Eisenberg Invoice |
| D | 09/06/2016 | Steven K. Eisenberg and/or Corporate designee, Quicken Loans Inc. | Copy of check received by Stern & Eisenberg from Quicken Loans Inc. for payment of 08/26/2016 Stern & Eisenberg Invoice |
| D | 04/04/2017 | Steven K. Eisenberg and/or Corporate designee, Quicken Loans Inc. | Copy of check received by Stern & Eisenberg from Quicken Loans Inc. for payment of 03/17/2017 Stern & Eisenberg Invoice |
| E | 05/31/2013 | Corporate designee, Quicken Loans Inc. and/or Kenneth J. Dworek | Copy of Mortgage from Kenneth J. Dworek, II to Mortgage Electronic Registration Systems, Inc., solely as nominee for Quicken Loans Inc. |
| F | 05/31/2013 | Self-authenticating | Certified recorded copy of Mortgage from Kenneth J. Dworek, II to Mortgage Electronic Registration Systems, Inc., solely as nominee for Quicken Loans Inc. |
| G | 05/31/2013 | Corporate designee, Quicken Loans Inc. and/or Kenneth J. Dworek | Copy of Note from Kenneth J. Dworek, II to Quicken Loans Inc. |
| H | 07/27/2016 | Corporate designee, Quicken Loans Inc. | Copy of Assignment of Mortgage from Electronic Registration Systems, Inc., solely as nominee for Quicken Loans Inc. to Quicken Loans Inc., |
| I | 07/27/2016 | Self-authenticating | Certified recorded copy of Assignment of Mortgage from Electronic Registration Systems, Inc., solely as nominee for Quicken Loans Inc. to Quicken Loans Inc. |
| J | 07/22/2016 | Kenneth J. Dworek and/or Colleen S. Dworek | Copy of Debtors' Chapter 13 Voluntary Petition for Bankruptcy |
| K | 09/22/2016 | Kenneth J. Dworek and/or Colleen S. Dworek | Copy of Debtors' Chapter 13 Plan |

Creditor reserves the right to utilize any and all documents identified by the Chapter 13 Trustee as well as anything already filed of record in the bankruptcy court.

**(5)** *A complete list of all witnesses including names and addresses follows*:

    a. Steven K. Eisenberg, Esquire
       1581 Main Street, Suite 200
       Warrington, PA 18976

    b. Kenneth J Dworek
       60 McKinstery Drive
       Coolspring, PA 15730

    c. Colleen S. Dworek
       60 McKinstery Drive
       Coolspring, PA 15730

    d. Corporate designee
       Quicken Loans Inc.
       635 Woodward Avenue
       Detroit, MI 48226

**(6)** *Issues of law*: The following issues of law are contested and remain to be litigated upon the trial.

    a. Creditor filed a Motion for Summary Judgment on May 15, 2015. In the Motion for Summary Judgment, Creditor presented the following Questions Involved, which Creditor avers should be answered in the affirmative:

        i. Whether Movant is entitled to summary judgment where there are no material facts in dispute in regard to reasonable, contractually agreed upon post-petition attorney's fees, which fees are permitted under applicable non-bankruptcy law? (Suggested Answer: Yes)

      ii.    Whether the Chapter 13 Trustee lacks standing to object to reasonable, contractually agreed upon post-petition fees, which fees are permitted under applicable non-bankruptcy law? (Suggested Answer: Yes)

                                            Respectfully submitted,

                                            STERN & EISENBERG, PC

                                            By: /s/ William E. Miller
                                            William E. Miller, Esq.,
                                            1581 Main Street, Suite 200
                                            The Shops at Valley Square
                                            Warrington, PA 18976
                                            Phone: (215) 572-8111
                                            Fax: (215) 572-5025
                                            Bar Number: 308951
Date: May 18, 2018                         Email: wmiller@sterneisenberg.com